UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        Criminal Case No. 18-20107
                                                         Honorable Linda V. Parker

TONY BRATTAIN,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO QUASH OR DISMISS COUNTS 1-7 OF THE FIRST SUPERSEDING INDICTMENT

On April 18, 2018, a grand jury returned a First Superseding Indictment charging Defendant Tony Brattain ("Defendant") with seven counts of Aiding and Assisting in the Preparation and Presenting of a False Tax Return in violation of 26 U.S.C. § 7206(2) and one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371.[1] (ECF No. 3.) The matter is presently before the Court on "Defendant's Motion to Quash or Dismiss Counts I-VII of the First Superseding Indictment." (ECF No. 15.) The motion has been fully briefed. (ECF Nos. 20, 22.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to

---

[1] An initial Indictment omitted the conspiracy charge. (*See* ECF No. 1.)

Defendant's motion pursuant to Rule 7.1(f) of the Local Rules for the Eastern District of Michigan, which is applicable pursuant to Local Criminal Rule 12.1(a).

## Relevant Background

On July 21, 2016, Defendant signed an "Agreement to Toll Statute of Limitations" ("First Tolling Agreement") for possible charges arising from transactions connected with property in Costa Rica. The Government drafted the First Tolling Agreement. (Def.'s Mot. Ex. 3, ECF No. 15-1 at Pg ID 136-39.) It reads, in relevant part:

> 1.    I, Tony Brattain, understand that there is a criminal investigation against me in the Eastern District of Michigan. The United States Attorney's Office for the Eastern District of Michigan is prepared to seek an indictment on or before October 1, 2016, containing allegations that defendant made or subscribed a false tax return in violation of Title 26, United States Code, Section 7206; failed to report foreign bank and financial accounts in violation of Title 31, United States Code, Sections 5314 and 5322.
>
> 2.    I, Tony Brattain, have been informed and understand that I have the right to be charged with these offenses described above within a certain period of time and in any event no later than six years following the date that the tax offenses were allegedly committed. …
>
> 3.    Understanding these rights, I, Tony Brattain, agree that the running of the statute of limitations applicable to the offenses described above will be tolled (suspended) as of the date of this agreement, and that the tolling will end on June 5, 2017. …
>
> …
>
> 5.    This agreement may be extended by written agreement, …

(*Id.* Ex. 1, ECF No. 15-1 at Pg ID 130-31.) The First Tolling Agreement in fact was extended in a second "Agreement to Toll Statute of Limitations" ("Second Tolling Agreement"), which Defendant signed on September 25, 2017. (*Id.* Ex. 2, ECF no. 15-1 at Pg ID 133-34.)

The Second Tolling Agreement contains identical language to the First Tolling Agreement, except it suspended the statute of limitations to March 1, 2018. (*Id.*) The Government also drafted the Second Tolling Agreement. (*Id.* Ex. 3, Pg ID 136-39.)

On February 21, 2018, a grand jury returned an Indictment charging Defendant with seven counts of Aiding and Assisting in the Preparation and Presenting of a False Tax Return in violation of 26 U.S.C. § 7206(2).[2] (ECF No. 1.) As indicated earlier, a First Superseding Indictment containing the same charges, as well as a charge of Conspiracy to Defraud the United States, was

---

[2] Section 7206(2) provides:

> Any person who … [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document … shall be guilty of a felony….

26 U.S.C. § 7206(2).

subsequently filed.  The first seven counts relate to tax returns for the years 2008 through 2010.  (*See* ECF Nos. 1, 3.)

In his pending motion, Defendant argues that he did not agree in the tolling agreements to suspend the statute of limitations for a charge asserting the violation of 26 U.S.C. § 7206(2).  As such, Defendant contends that the statute of limitations for charging him with the first seven counts in the indictments expired six years following the date the offenses were committed.  *See* 26 U.S.C. § 6531.  As that period expired before Defendant was indicted in the present matter, he asks the Court to dismiss or quash those charges.  The Government argues that the tolling agreements include those charges.

## Applicable Law

Tolling agreements are contracts and thus should be interpreted like any other contract.  *See Delano v. Abbott Labs.*, 908 F. Supp. 2d 888, 895 (W.D. Tenn. 2002) (citing cases); *Gould Elec., Inc. v. Livingston Cty. Road Comm'n*, No. 17-11130, 2018 WL 1035714, at *3 (E.D. Mich. Feb. 23, 2018) (citing cases); *see also Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992-93 (7th Cir. 2007).  "Because 'a [tolling agreement] is a contract, its terms necessarily must be interpreted in light of the parties' reasonable expectations.'" *United States v. Debreczeny*, 69 F. App'x 702, 706 (6th Cir. 2003) (ellipsis and other brackets removed) (quoting *United States v. Mooney*, 654 F.2d 482, 486 (7th Cir. 1981)).

4

The court must first look within the "four corners" of the agreement to determine if it is clear and unambiguous. *See Camico Mut. Ins.*, 474 F.3d at 993. If the parties' intent can be gleaned from the plain terms of the agreement, the court looks no further. *Id*. However, if an ambiguity exists—that is, if the contract language is susceptible to more than one interpretation—the court may look to extrinsic evidence or the facts surrounding the agreement to determine the parties' intent. *Id*.; *see also Debreczeny*, 69 F. App'x at 707.

The Sixth Circuit has instructed that in the criminal context, courts should construe ambiguous "agreements generally in favor of the defendant and against the government." *Debreczeny*, 69 F. App'x at 707-08 (citing *United States v. Gebbie*, 294 F.3d 540, 551-52 (3d Cir. 2002) and *United States v. Randolph*, 230 F.3d 243, 248 (6th Cir. 2000)). "[T]he government 'ordinarily must bear responsibility for any lack of clarity.'" *Id*. "The government is held to a higher standard because of its role as the drafter of the … agreement and because it is seen as possessing the upper hand and expertise in the bargaining process." *Id*.; *see also United States v. Hammon*, 277 F. App'x 560, 565 (6th Cir. 2008) (citing *Debreczeny*).

### Parties' Arguments and Analysis

Defendant first contends that the tolling agreements unambiguously tolled the statute of limitations for charges brought only under subsection (1) of 26

5

U.S.C. § 7206 because the agreements use the terms "made or subscribed", which are identical to the terms used only in that subsection of the statute.[3] Defendant further contends that the agreements specifically toll only charges brought against him for *his* making or subscribing to a false tax return, not charges asserting that he aided and assisted others in filing false tax returns. Alternatively, Defendant argues that the agreements are ambiguous and must be construed against the Government.

The Government argues in response that the agreements do not specify a subsection of § 7206 and thus unambiguously toll charges brought under any provision of the statute. The Government maintains that subsections (1) and (2) of the statute "are closely related companion provisions." (Gov't Resp. Br. at 5, citing *United States v. Haynes*, 573 F.2d 236, 240 (5th Cir. 1978).) The Government further maintains that the word "made" in the tolling agreements is synonymous with the word "prepare" which is used in subsection (2) and the indictments. The Government argues that "[c]ausing something to be done, or

---

[3] Section 7206(1) reads:

> Any person who … [w]ilfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter … shall be guilty of a felony …

26 U.S.C. § 7206(1).

aiding and assisting in something, is not a substantive change to the allegations." (*Id*. at 6, citations omitted.)

As the parties' arguments reveal, the tolling agreements are ambiguous. The agreements use "make" and "subscribe"—terms unique to § 7206(1)—but then refer to § 7206 generally. The use of the conjunctive "and" in the statute and use of the disjunctive "or" in the indictments do not remove this ambiguity. While subsections (1) and (2) of the statute may be "companion provisions," they remain distinct violations with distinct elements. "Subsection (1) directly prohibits false statements by the taxpayer while subsection (2) applies to those, such as tax preparers, who aid or assist the taxpayer in making such statements." *See United States v. Rogers*, 853 F.2d 249, 251 n.2 (4th Cir. 1988). Subsection (1), unlike subsection (2) requires "a written declaration that [the return, statement or other document] is made under the penalties of perjury," and applies to only the defendant's own tax return, statement or document. 26 U.S.C. § 7206(1); *see also United States v. Ray*, 899 F.3d 852, 862 n.4 (10th Cir. 2018) (explaining the distinction between the two provisions and stating that "fraudulently preparing one's own personal tax returns [i.e., a violation of § 7206(1)] is legally and factually distinct from preparing fraudulent tax returns for others [i.e., a violation of § 7206(2)].").

Because there is an ambiguity in the tolling agreements, the ambiguity must be construed in favor of Defendant and against the Government. The Government chose to use the phrase "made or subscribed" in describing the offenses for which any charges would be tolled. Ignoring this specific language which is found only in § 7206(1) in the face of the reference to § 7206 generally "would effectively give the government power to transform the agreement unilaterally with no deference to the intentions of Defendant." *United States v. Goyal*, No. 04-00201, 2007 WL 1031102, at *3 (N.D. Cal. Apr. 3, 2007) (finding ambiguity in tolling agreement and thus construing the agreement in favor of the defendant). There is no extrinsic evidence before the Court suggesting that Defendant intended the tolling agreements to cover every provision of § 7206. As such, the Court concludes that the tolling agreements did not extend the statute of limitations for any charges under § 7206 except those under subsection (1).

The charges against Defendant asserting violations of § 2601(2) were filed beyond the applicable six-year limitations period. They, therefore, are time-barred.

Accordingly,

**IT IS ORDERED** that Defendant's motion to quash or dismiss Counts One through Seven of the First Superseding Indictment (ECF No. 15) is **GRANTED**

and those counts are **DISMISSED WITH PREJUDICE**.

                                                s/ Linda V. Parker  
                                                LINDA V. PARKER  
                                                U.S. DISTRICT JUDGE

Dated: January 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 14, 2019, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury  
                                                Case Manager